UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| EDDIE J. MULLINS, | ) |  |
|---|---|---|
| Plaintiff | ) ) ) | |
| v. | ) ) | Cause No. 2:11-CV-256-RLM-PRC |
| ARCELORMITTAL INDIANA HARBOR LLC, | ) ) ) ) | |
| Defendant | ) ) | |

OPINION AND ORDER

This matter is before the court on defendant ArcelorMittal Indiana Harbor LLC's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 8). Plaintiff Eddie J. Mullins has not opposed the motion and the time for doing so has expired (although an opposition is not necessary; the plaintiff may stand on his complaint. *See* J. Moore, MOORE'S FEDERAL PRACTICE § 12.34[1][a]). Mr. Mullins has filed a letter (Doc. No. 10) in which he informs the court that he previously was involved in a proceeding disputing child support and asks again for the appointment of an attorney in this case.

I. ARCELORMITTAL'S MOTION TO DISMISS

Rule 12(b)(6) allows a court to dismiss a case if the complaint doesn't state a claim upon which relief could be granted, and ArcelorMittal proposes two theories under which its motion should be granted: an affirmative statute of

limitations defense and an assertion that Mr. Mullins does not state a cognizable claim.

A.

ArcelorMittal says the statute of limitations expired before Mr. Mullins filed his complaint. Mr. Mullins first took his employment discrimination complaint to the Equal Employment Opportunity Commission (EEOC), but the EEOC declined to pursue the matter. A plaintiff has 90 days to file a civil action after receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). The time begins to run with actual receipt by the claimant (or constructive receipt if his agent, for instance an attorney, receives the letter). Threadgill v. Moore U.S.A., Inc., 269 F.3d 848, 850 (7th Cir. 2001).

On the face of his employment discrimination complaint, Mr. Mullins wrote in a date to complete a sentence indicating that he received the right-to-sue notice "on or about April 15, 2011." He filed his complaint on July 15, 2011, which is 91 days after that date.

Mr. Mullins attached the right-to-sue letter to his complaint and that letter indicates that it was mailed by the EEOC on the same date that Mr. Mullins says he received it. Letters ordinarily aren't mailed and received on the same day, but rather than speculate as to the letter's actual date of receipt, the court must accept Mr. Mullins's date as a judicial admission. "Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are

binding upon the party making them." Keller v. United States, 58 F.3d 1194, 1199 n.8 (7th Cir. 1995). "A judicial admission is conclusive, unless the court allows it to be withdrawn." Id.

For purpose of evaluating ArcelorMittal's motion to dismiss, then, Mr. Mullins received the right-to-sue letter on April 15 and he did not file a civil complaint within 90 days. His complaint is time-barred. The complaint is dismissed on this ground, but the court affords Mr. Mullins three weeks from the entry of this order to amend his pleadings if he so chooses.

B.

ArcelorMittal alternatively asserts that the complaint should be dismissed because Mr. Mullins hasn't alleged a set of facts upon which relief could be granted. Mr. Mullins's *pro se* complaint is a 35 page entry that begins on the pre-printed "Employment Discrimination Complaint" form and attaches the EEOC charge, communication from the EEOC, the right-to-sue letter, and extensive, rambling, hand-written narratives of the workplace disputes that Mr. Mullins feels are in violation of Title VII, the Age Discrimination in Employment Act, and the Americans with Disabilities Act.

Because the court has granted ArcelorMittal's motion to dismiss on its first theory, *supra*, the court need not reach a conclusion on this second theory. Nonetheless, for any future filings, the court directs Mr. Mullins's attention to Federal Rule of Civil Procedure 8(a), which instructs that pleadings must contain

"a short and plain statement of the claim showing that the pleader is entitled to relief" and Federal Rule of Civil Procedure 10(b) which instructs that pleadings must contain numbered paragraphs, each one limited to a single set of circumstances.

## II. Mr. Mullins's Letter

The court received a letter from Mr. Mullins that alerts the court of seemingly unrelated litigation regarding child support and custody issues. In this letter, he reasserts his request for an appointment of counsel to aid him in this case. Magistrate Judge Paul R. Cherry denied Mr. Mullins's previous request for appointment of counsel. Doc. No. 7. In that entry, Judge Cherry noted, among other things, that "the Court does not have enough information to determine whether [Mr. Mullins] has made a reasonable attempt to retain counsel, and Plaintiff does not allege he is unable to afford counsel." Further, Judge Cherry noted that Mr. Mullins appears to be able to grasp the facts at issue and appears to be able to competently assert his claims in writing. Mr. Mullins's most recent letter to the court does not address those grounds for denial of an appointment of counsel and it does not provide the court with any other grounds that would otherwise alter the court's analysis. Therefore, to the extent that this latest letter can be construed as a renewed motion for the appointment of counsel, that request must be denied.

III. CONCLUSION

ArcelorMittal's motion to dismiss pursuant to Rule 12(b)(6) is GRANTED based on the movant's assertion of a statute of limitations affirmative defense. The court need not consider ArcelorMittal's second ground for its motion to dismiss. Mr. Mullins is granted to and including February 28, 2012 in which to amend his pleadings if he elects to do so.

Mr. Mullins's recent letter is construed as a renewed request for an appointment of counsel and is DENIED because it does not address the reasons an appointment of counsel was previously properly denied.

SO ORDERED.

ENTERED:  February 7, 2012

/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc: E. Mullins
L. Evans